

Joy Hochstadt, P.C.
Attorney at Law
300 Central Park West
Suite 2E
New York, NY 10024

May 25, 2012

**By ECF to all parties and Court**
Honorable Leonard D. Wexler, United States District Judge
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

        Re: <u>Ostrowsky v Department of Education</u> *et al* 12-cv-2439 (LDW)(GRB)

Dear Judge Wexler:

     I am counsel to the Plaintiff in the above cited action. I write to oppose the reassignment of the above cited action to Brooklyn.

     First, Defendant Bloomberg's most substantial residence, of 22,000 square feet on 35 acres is located in Suffolk County.

     Second, jurisdictional discovery would be appropriate and required to determine the county of residence of Defendants Apostolidis, Finn, Europe and Mulgrew, if Defense had cited residency as the reason for the application for reassignment, but the cite convenience..

     Third, almost all of the pain and suffering, loss of sleep, anxiety, headaches, stomach upset suffered by Plaintiff was suffered by Plaintiff during the 168 hours of each week that he was in Nassau county rather than the 35 hours each week that were his work hours, during which he totally focused on providing excellent instruction to the students he was assigned to teach.

     Fourth, Plaintiff resides with his aging parents. The wrongs inflicted upon him by the Defendants have caused loss of consortium and secondary pain and suffering to these older individuals who lament and worry over how different it was when the father, Mr. Morty Ostrowsky served as a teacher in the NYC school system from which he retired almost 25 years ago. They reside with their son in Nassau county

     Fifth, the Defendants are forum shopping for another Judge where they can make endless dubious motions to dismiss while staying discovery during motion practice, never allowing plaintiff(s) to depose Defendants or other potential witnesses, never allowing Plaintiff to receive the documents and interrogatories/admissions that Plaintiff is entitled to, and even when discovery is permitted to begin, as

soon as the demands that will be compelled are damaging to the Defense, they again move to Stay Discovery.

Sixth, the request to reassign the case to Brooklyn is selective. The Defendants never made application in <u>Saunders vs. Department of Ed.</u> *et al* 07-cv-2725 (SJF) which went to trial in the Long Island Courthose in 2010 *inter alia*. Therefore it is inconvenient to travel to the Long Island Courthouse only when the Corporation Counsel says it is inconvenient. They remove or request reassignment of cases only when they believe they have an advantage.

Seventh, there has been a total distortion of the facts and objectives of the case, through blitz tabloid coverage. This began last Sunday and has already tainted the NYC jury pool who predominantly read the NYPost, New York Daily News, Metro and AM (the latter two, free newspapers that are available at every Subway entrance in NYC and vitually every street corner). The four words that could be changed to escalate and whet prurient interests were covered in blanket fashion in the tabloid press, while the rest of the 12,311 word complaint was totally neglected. I am informed that coverage will continue this week-end. This would be a total distraction to jurors when certain witnesses might testify. There has already been give and take of quotes in the press by two defendants in the case (Bloomberg vs. Mulgrew) while on the other hand their attorneys appear to be cooperating with each other, i.e. Mr. Scheslinger would not reveal to me how he knew Mr. Klinger would be representing the UFT and Mulgrew. This is before Mr. Klinger has appeared in the case, and I only learned because of the "cc." In the letter-motion to your Honor.

Eighth, Defendant Bloomberg, has an unyielding, political, financial, social, sphere of influence which is generally believed to control much of what goes on in the City of New York. The allegations, [all but one, i.e., the amendment to Ed. L. 3020 which Plaintiff alleges is constitutionally vague giving all the defendants total control over due process changes (specifically without the individual right of election) to protect the property interest in tenure rights and Plaintiff seeks to have it struck down] occurrrd during Defendant Bloomberg's tenure in the public office he still holds. That this virtually total loss of due process and equal protection to such substantial property interests (several million dollars per tenured teacher) could have occurred with the consent or acquiescence of what was once considered the most powerful Teachers' Union in the nation, gives a mere inkling of Defendant Bloomberg's prowess. Without a Board of Education, he was able to install one of his Deputies as School Chancellor, and the new Chancellor has sought to eradicate the "just cause" standard for firing of tenured teachers. See <http://www.youtube.com/watch?feature=player_embedded&v=I_yOgCdh4BU>

Ninth, it is therefore in the interests of justice as well as the appearance of justice as NYC teachers believe and there is a record of consistent losses against the City of New York, Department of Education.

Tenth, with all of the above advantages to the City, the Plaintiff pleads for the one small protection, i.e., the possibility of a jury where communities still have input to the schools, which are better schools, in part, because the teachers are still treated the way teachers in NYC schools were treated in 1999 and before.

Therefore, Plaintiff most respectfully urges the Court **NOT** to reassign the matter to Brooklyn.

Respectfully submitted,

/s/

Joy Hochstadt (JH0935)