# Joy Hochstadt, P.C.
# Attorneys at Law
# 300 Central Park West
# New York, New York 10024

June 15, 2012

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10024

        Ostrowsky v. Department of Education *et al*
        RE: Opposition to Motions for Stay of Discovery, Extension of Time to Answer
        Request for one more day to prepare my response

Dear Judge Orenstein:

      Two unexpected events have occurred in the last 24 hours which both impact this case and at least one of which directly influences my arguments with regard to my opposition to the above applications and the already occurring serious harm to Plaintiff Ostrowsky.

      1. The Second Circuit Court of Appeal denied yesterday my co-counsel's (in Adams *et al* v. NYSED *et al*, 08-cv-5996 (VM)(AJP) (SDNY)) emergency application made yesterday for a stay of all proceedings with regard to the sanctions against him emanating from that case ( In re: Nicholas Penkovsky, (12-2230); thus the hearing before Judge Peck for finding Mr. Penkovsky in contempt, ordering further sanctions and referring the matter of Mr. Penkovsky's unpaid sanction to the SDNY grievance committee, will proceed at 4PM this afternoon. While my own post-order Motion places the date for my Notice of Appeal into next week, and I am equally convinced that the entire issue of sanctions against both of us has been the greatest abuse of discretion by any Magistrate and adopted by any District Judge in the history of this Circuit, I had too much work for my clients not to pay the sum and then Appeal, especially to clear my name. Therefore, it is important that I attend the hearing this afternoon, and incorporate any further notable conduct on the part of the Magistrate, into my Appeal papers.

      2. Plaintiff, Andrew Ostrowsky yesterday received his Annual Professional Performance review. It was "unsatisfactory," yet its reverse side which calls for documentation of the basis for the negative rating is totally blank – there is no corroborating/supporting documentation. Mr.

**Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,**    **Telephone  212 580 9930**    **Facsimile: 212 580 9322**
**Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court**    **e-mail  joy.hochstadt.pc@gmail.com**

Ostrowsky also received an observation report yesterday for a Class Observation which occurred on May 10, 2012 which was rated "satisfactory" and which benefitted from the presence of School District's Representative Math Specialist Jie Zhang. Thus, on the basis of a single December 2011, observation in which only the Assistant Principal (an English teacher by training and certification) who only commented (and often incorrectly, at that) on minor student conduct (one discarded a piece of paper by tossing it into the trash basket two feet away from him rather than getting up, while another got up merely to retrieve a book a few feet away without asking permission, *inter alia*), admitted she did not attend to the content of the math lesson on the use of Bernoulli's Principle in probability calculations (which plaintiff painstakingly attempted to give her the same prerequisite foundation two days before the observations so that she could assess to some degree what was going on, that the non-Regents Exam tracked students had)–which she did not document as being the reason for the "U," she gave Plaintiff, a long-tenured teacher a "U" for the year.

This allows Plaintiff to be brought up on disciplinary charges for incompetence, though the subjective incorrect U on the one observation can no long be grieved in a grievance process. DOE attorneys coerce Principals to sign disciplinary charges, when this is absolutely in violation of Ed. L. 2590 j. 7. which provides for Community School District Superintendents to be the "finders of probable cause." Then when private attorneys at the hearing allegedly pursuant to Ed. L. 3020-a recite the statute the DOE produces a "delegation letter" of August 16, 2008 where Chancellor Klein delegated to the Principals in Districts 75 (only severely disabled students) and District 79 (alternative programs for dropouts, mostly) ***the only two city-wide districts, which do not have community school district superintendent –but do have district superintendents,*** permission to bring charges. However, only Principals in community school districts have been signing the charges since then because DOE lawyers, have insisted that it "meant" all principals. In more than one Hearing decision, the hearing officer must have been told *ex parte* that the teacher worked in District 79 when the teacher worked in a high school assigned to a a community school district. The decision stated that "this teacher worked for Bronx Highs Schools which is District 79 and thus the delegation letter applies. While I did not do the Article 75 Arbitration Vacatur application in such a case, I have done one where the State Supreme Court Justice found that since the bringing of the charges was in said case two years before the actual hearings, he did not have to deal with it as he believed his role was to deal gavel to gavel with the conduct of the hearings themselves.

Now Defendant Bloomberg and Defendant Walcott are lobbying for the end of the "just cause" standard, ergo. Principal complains, Principal investigates, Principal finds probable cause and long-tenured teachers would be out, just on the Principal's say-so. Plaintiff could be out after ~39 out of 40 good classroom reports including the last one and no hearing if the Defendants had their way. And what makes defendants so sure they have picked such omniscient Principals, in fact Discovery will show that the Principals hired during the Defendant Bloomberg's Administration, tended to come out of business, have little educational background were precisely hired to "Clean House" as Lorna Kahn announced when she arrived at P.S. 54 in Brooklyn to begin her appointment there.

**Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,    Telephone  212 580 9930     Facsimile: 212 580 9322**
**Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court       e-mail  joy.hochstadt.pc@gmail.com**

Defendants, course say this action is frivolous, the city saves billions of dollars per annum by breaking the laws and violating the vested property interests of Plaintiff and others like him. And all they say is it should be "rational basis" because it is a geographic difference and NYC is "different." Absolutely not! It is the abridgement of due process to property interests valued at about $5,000,000.00 for the rest of my client's life and the abridgement of the fundamental right to due process is "strict scrutiny."

Defendants will say that Plaintiff has not exhausted administrative remedies, there is an appeal process for "U" ratings. We need discovery to show that not one "U" rating has been overturned in a decade by the advisory, in-house process. I have several witnesses, e.g. a current DOE employee and former UFT employee who have personal experience in hearing one "impartial" hearing officer curry favor with Defendant Europe by stating she "would fix them good" meaning Plaintiffs in Teachers4Action (the forerunner of Adams et al ) and the other witness hearing another executive DOE Attorney Dennis Costa screaming at the hearing officer *ex parte*, "You'll do what we want or you will be very sorry, you'll not work here again and you'll be very sorry besides."

I wish to elaborate more on these matter and to argue for immediate discovery of the entire evaluation and discipline process, and I will so as soon as I return from the Penkovsky hearing. I should have left 15 minutes ago. I hope to submit more before midnight, and then with permission even more tomorrow morning,

                                        Respectfully submitted,

                                                      /s/

                                          Joy Hochstadt

**Principal: Joy Hochstadt, PhD., JD, Dipl. Amer. Bd. Clin. Chem.,**   **Telephone  212 580 9930**   **Facsimile: 212 580 9322**
**Admitted: Federal & State Bars of NJ & NY, 2nd Circuit & U.S. Supreme Court**     **e-mail  joy.hochstadt.pc@gmail.com**